**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| APRIL L. CLARK,<br><br>Plaintiff,<br><br>v.<br><br>ALGENON L. MARBLEY, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:26-cv-01960 (UNA) |

**MEMORANDUM OPINION**

On August 6, 2026, the Court ordered Plaintiff to, within 30 days, submit a motion setting forth reasons to use the P.O. Box address or an amended complaint with her full residence address in accordance with LCvR 5.1(c)(1). *See* Minute Order (Aug. 6, 2026). Plaintiff has since complied with that Order by filing two Motions for Permission to Use P.O. Box Address, ECF Nos. 3, 6, which are granted for good cause shown. Given this compliance, the Court now may review the *pro se* Complaint, ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. Upon review, the Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of Ohio, sues several judges in the U.S. District Court for the Southern District of Ohio. She alleges challenges actions taken and the outcome of multiple cases that she prosecuted in that court, as well as the U.S. Court of Appeals for the Sixth Circuit, alleging that Defendants violated her civil rights by engaging in a "continuing pattern of procedural barriers, restrictive litigation treatment, screening dismissals, sealing practices, transfer practices, and denial of meaningful constitutional review." She demands damages and asks this Court to issue "findings of fact and conclusions of law."

*First*, Plaintiff cannot ask this Court to revisit actions taken by either the Southern District of Ohio or the Sixth Circuit because it bears no such jurisdiction. *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979); *see also United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)). A federal trial court generally does not possess authority to compel another federal court or its employees to take any action because that supervisory responsibility is exclusive to that court. *See Reddy v. O'Connor*, 520 F. Supp. 2d 124, 132 (D.D.C. 2007) (quoting *In re Marin*, 956 at 340); *Jordan v. Suter*, 116 F. App'x 288, 288-89 (D.C. Cir. 2004) (per curiam); *Reyes v. Duggan*, 723 Fed. Appx. 3, 3 (D.C. Cir. 2018) (per curiam).

Put differently, this lawsuit is a very thinly veiled attempt to circuitously challenge actions of another federal court, but this Court "cannot review decisions made by another District Judge." *See Wiley v. Wilkins*, 671 F. App'x 807, 807 (D.C. Cir. 2016) (per curiam); *see also, e.g.*, 28 U.S.C. §§ 1331–1332 (granting district courts original, not appellate, jurisdiction); *cf. El Bey v. United States*, 697 F. App'x 706, 707 (D.C. Cir. 2017) (per curiam).

*Second*, the Defendants are absolutely immune from suits for money damages for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). And "a judge will not be deprived of immunity because the action he

took was in error, was done maliciously, or was in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice."). This immunity also generally extends to claims for equitable relief brought against the court. *See Klayman v. Blackburne-Rigsby*, No. 21-0409, 2021 WL 2652335, at *2 (D.D.C. Jun. 28, 2021), *aff'd*, No. 21-7069, 2022 WL 298933 (D.C. Cir. Jan. 20, 2022) (per curiam).

For all of these reasons, the Complaint, ECF No. 1, and this matter, are dismissed without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

TREVOR N. McFADDEN
United States District Judge

Date: November 2, 2026